## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

ROCKY HEBERT                                    CIVIL ACTION

VERSUS                                          NO. 10-1530

CAPTAIN RONNIE BORER, WARDEN                    SECTION "F" (6)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, and for the following reasons, the court finds that the instant petition is timely and **IT IS HEREBY RECOMMENDED** that the State be ordered to address the merits of petitioner's claims.

## I.  PROCEDURAL HISTORY

On June 16, 1999, petitioner, Rocky Hebert, presently incarcerated in the State Police Barracks located in Zachary, Louisiana, was convicted following trial by jury in the Thirty-

Second Judicial District Court for the Parish of Terrebonne of attempted first degree murder.[1] Petitioner was sentenced to the maximum term of 50 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence.  On November 3, 2000, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and sentence.  *State v. Hebert*, No. 99-KA-2930 (La. App. 1 Cir. 2000) (unpublished opinion).[2]  On November 16, 2001, the Louisiana Supreme Court denied petitioner's writ application, *State v. Hebert*, 801 So.2d 1073 (La. 2001), thereby rendering petitioner's conviction and sentence final.

On January 22, 2003, petitioner filed an application for post-conviction relief with the state district court.[3]  After conducting an evidentiary hearing, the district court, pursuant to its Judgment issued December 9, 2008, denied petitioner post-conviction relief.[4]  On January 8, 2009, petitioner timely sought relief from the Louisiana First Circuit in connection with the district court's adverse decision.  On April 27, 2009, the Louisiana First Circuit denied petitioner's writ application.  *State v. Hebert*, No. 09-KW-0080 (La. App. 1 Cir. 2009) (unpublished opinion).[5]  The State represents that petitioner, on June 10, 2009, filed a writ application seeking relief from the Louisiana Supreme Court in connection with the appellate

---

[1] A copy of the jury verdict is contained in the State rec., vol. 1 of 5.

[2] State rec., vol. 2 of 5, pp. 614-630.

[3] State rec., vol. 2 of 5, pp. 650-683.

[4] State rec., vol. 3 of 5, p. 1163.

[5] State rec., vol. 3 of 5, p. 1238.

court's adverse April 27, 2009 decision.[6]  The Louisiana Supreme Court denied petitioner's

writ application on April 5, 2010.  *State ex rel. Hebert v. State*, 31 So.3d 362 (La. 2010).  The

State represents that petitioner filed the instant action for federal habeas corpus relief on

April 26, 2010.[7]

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a

petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within

one year from "the latest of" either the date the petitioner's state judgment became final or

the expiration of his time for seeking review.[8]  *See* 28 U.S.C. § 2244(d)(1) (West 2010), as

---

[6]Federal rec., doc. 6, p. 3.

[7]Federal rec., doc. 6, p. 3.  In determining when a habeas petition is filed, federal courts employ the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The State alleges that April 26, 2010 is "the date Hebert mailed the petition from the Louisiana State Police Barracks were [sic] he was incarcerated."  (Federal rec., doc. 6, footnote 1).  However, the State cites no evidence supporting its claim in this regard.  The court notes that petitioner signed his habeas corpus petition on April 22, 2010.  Generally, in the absence of evidence reflecting when the petition was mailed, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing.  *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[8]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, petitioner's conviction

became final on November 16, 2001, and his time for seeking review expired on February

14. 2002, ninety days following his final state court judgment, when his time for filing a

petition for a writ of certiorari with the United States Supreme Court expired.  *See* Sup.Ct.R.

13(1); *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S.

1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000); *Habteselassie v. Novak*, 209 F.3d 1208, 1209

(10th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Thus,

petitioner had a year from February 14, 2002, or until February 14, 2003, to timely seek

federal habeas corpus relief.

Petitioner filed the instant action on April 22, 2010,[9] almost seven years after the date

it was due.  Thus, petitioner's federal habeas corpus application must be dismissed as

untimely, unless the one-year statute of limitations period was interrupted as set forth in 28

U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly

filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation

under this subsection."

Petitioner did not file an application for state post-conviction relief, thereby tolling

---

[9]In the absence of evidence reflecting when petitioner mailed his federal habeas petition, this court will utilize April 22, 2010, the date he signed the instant petition, as petitioner's filing date.  *See* discussion *supra* at n. 7.

prescription, until January 22, 2003.  At that point, 342 days of petitioner's 365-day statute of limitations had expired.  According to the State, prescription remained tolled until May 27, 2009, when petitioner's writ application to the Louisiana Supreme Court was due.  The State submits that petitioner was untimely in seeking relief from the state high court and, as such, prescription ceased to be tolled.  *See Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (after appeal period has lapsed, a state collateral review proceeding "ceases to be pending," and therefore, ceases to interrupt prescription).  The State's assertion in this regard, however, is incorrect.  Petitioner has provided this court with evidence reflecting that he provided his writ application to prison officials for mailing to the Louisiana Supreme Court on May 27, 2009.  Specifically, petitioner has submitted a copy of an "Inmate Funds Withdrawal Request" reflecting that he requested funds on "5/27/09" for "Legal Mail", and has provided a copy of an "Inmate's Request for Legal Indigent Mail" reflecting that on "5-27-09" a prison official received from petitioner an item to be mailed to the "Louisiana Supreme Court", "400 Royal Street", "New Orleans, LA. 70130".[10]

In *Causey v. Cain*, 450 F.3d 601, 604-605 (5th Cir. 2006), the United States Fifth Circuit determined that the federal "mailbox rule" should be employed when determining the filing date of state court pleadings for purposes of determining the timeliness of a federal habeas petition.  As noted earlier, under the "mailbox rule," the date a *pro se* prisoner's

---

[10]*See* federal rec., doc. 8, exhibits 1 and 2.

pleading is provided to prison officials for mailing is the date it is considered filed.  *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

Based upon the above referenced exhibits, the court finds May 27, 2009 to be the date upon which petitioner provided his Louisiana Supreme Court post-conviction writ application to prison officials for mailing.  As such, May 27, 2009 is the appropriate filing date of petitioner's writ application for purposes of determining the timeliness of the instant federal habeas application.

Utilizing May 27, 2009 as the appropriate filing date, petitioner's writ application to the Louisiana Supreme Court was timely.  As such, prescription was tolled the entire time, May 27, 2009 through April 5, 2010,  the application was pending before the state high court. Once the supreme court denied relief on April 5, 2010, prescription once again commenced to run and continued to run for 16 days until petitioner, on April 22, 2010, filed his federal habeas corpus petition.  At that point, a total of 358 days (342 days + 16 days) of petitioner's 365-day statute of limitations had expired.  As such, the instant habeas petition is timely.

RECOMMENDATION

It is therefore RECOMMENDED that the State be ordered to address the merits of petitioner's claims within 60 days or no later than March 31, 2011.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from

6

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[11]

New Orleans, Louisiana, this __28th__ day of _____January_____, 2011.

LOUIS MOORE, JR.
United States Magistrate Judge

---

[11]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.